Curia, per
O’Neall, J.
There are two questions to he considered and decided in this case; first, did the plaintiffs shew title; secondly, was that title defeated by any thing shewn on the part of the defendant.
I am clear that in both respects the case is with the plaintiffs.
1. As to the title : It is unnecessary to say any thing about a grant, or the former owners, until we reach the South Carolina Society; for their title is unquestioned. To whom did they convey 1 Many facts were shewn on the trial, to make out a satisfactory answer to this question. A prima fade case of loss was made by shewing that search had been made in all places where such a deed should he, and that none could he found. Then secondary proof was resorted to. It was shewn that the society had- leased the premises on a building lease to Haig ; that the plaintiifs’s ancestor bought and procured an assignment of that lease, under which he went into possession ; then, that he submitted to the society a proposition to buy, which was accepted ; that a mortgage of the premises in dispute was executed by Spears, the plaintiffs’s ancestor, to the South Carolina Society, to secure the purchase money; then, that that was paid, and satisfaction entered on the record, 24th October, 1820. It was proved that Spears died in possession of the lot. These facts, it is not denied, made out, prima fade, title in the plaintiffs ; but it is said such proof was not conclusive. Concede it, and how does that help the defendant ? The jury is bound to respect a prima fade shewing, until rebutted, just as much as they Avould be any other. Indeed, if not rebutted, such a shewing estab *351 lishes the case, and the jury have no right to say we will not find accordingly. But the plaintiffs’s case is not merely prima facie. I think it is conclusively shewn, that the title of the South Carolina Society was in George T. Spears ; the mortgage' was by him to the South Carolina Society to pay the purchase money. This tvas an admission in law, that he had the title of the South Carolina Society to the premises ; otherwise he had nothing to.convey, and thereby mortgage. If, in that mortgage, there had béen an express recital of the sale, by the South Carolina Society, to him of the lot, and then that the sum to be secured was the price, and that the society had conveyed to him, there could be no doubt that such a recital would have been an estoppel against the South Carolina Society to deny the existence of the conveyance (1 Green. Ev. § 23 and note 1.) The plaintiffs have proved all these facts, except the conveyance, and then the mortgage, which gives the effect of an estoppel to the recitation, comes in and shows conclusively, that by accepting a conveyance as a security from the party contracting to buy, the South Carolina Society had previously conveyed to him title. This may not be an estoppel, but until rebutted by shewing that there was a mistake, in fact, in thus .accepting, or that George T. Spears had in fact no title, it operates to exclude a presumption to the contrary, and may, therefore, be said, under such circumstances, to be conclusive.
2. There is nothing shewn on the part of the defendant to defeat this title. Spears died in possession. There is nothing therefore to create a belief that he had conveyed to another. His administrator paid the mortgage, and, for any thing which appears in the proof, had or might have had his intestate’s funds legally liable to pay the debt; for it was a bond debt, and would be preferred over Mr. Dart’s own claims against the deceased, which, for aught that appears, were mere simple contracts. It is very true Spears was insolvent, and largely indebted to his friend and benefactor, Mr. Dart. But thatcould not transfer his real estate. It is also true, that Mr. Dart took possession of the lot soon after Mr. Spears’s death. He was, however, Spears’s *352 administrator, and, according to the usage of the country, and which has very much the sanction of our decided cases, the administrator may and often does take possession of the real estate to rent it. This must be regarded, in the absence of other proof, the character of Mr; Dart’s possession ; for he did not occupy it himself. He could not acquire a title against the heirs of- his intestate, by possession, without shewing something more to give it an adverse character. But during his whole possession, Mrs. Hume, the infant child ,of Spears at his death, was a minor. It is clear that, against her, the possession could have no effect, and the case of Thomson vs. Gaillard, (3 Rich. 418,) settled that the infancy of one distributee will save the others from the bar of the statute. So, too, no presumption of a deed can arise from Mr. Dart’s possession. The infancy of Mrs. Hume, and her consequent legal incapacity to convey during the whole possession, negatives any presumption of a thing which she could not legally do. If she had been of age five years before action brought, and there had been proof of a possession continued under Mr. Dart, or his heirs, by his or their tenants, then, according to Hill vs. Connelly, she, and of course her mother, might have been barred. But there was no such proof, and it follows there is nothing, in this respect, as well as in the others which I have been considering, which cam in any way defeat the plaintiffs’s title.
It may be that the great sums of money paid by Mr. Dart, for Mr. Spears, may make us feel that he, Mr. Dart, or his representatives, ought to have the full benefit of his, Spears’s, estate, in the discharge of the same. That this may even be the right of the case, may very well be admitted; and still if Mr. Dart did not take the proper measures to acquire the legal estate, his executors, or their alienees, cannot expect at law to hold it; and it may even be, that in equity, at this distant day, his representatives may find it-very difficult to set up their debts-, so as to make the real estate liable now for their, payment.
The motion for a new trial is granted.
Evans, Withers and WhitneR, JX, concurred.